**In re James W. BEANE, Jr., Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 444920).

No. 10–BG–869.

District of Columbia Court of Appeals.

Decided Oct. 21, 2010.

Before FISHER and THOMPSON, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

Bar Counsel received seven complaints against the respondent, James Beane, Jr., between 2007 and 2009, that resulted in Bar Counsel opening seven separate investigations. All of these investigations concern respondent's gross lapses of judgment and attention to his clients' interests in retained criminal cases. In the four matters that are the subject of this petition, respondent failed to adequately communicate with his clients, provide competent representation, respond to court orders, and/or prosecute his clients' interests.[1] In two cases, his clients' in-

---

1. BDN 340–07—Garces. Respondent stipulated that he had agreed to represent Garces, who had entered into a conditional plea, in his criminal appeal. Respondent received $11,000 to represent Garces in his appeal and

to file a motion for a new trial. Respondent failed to comply with court orders directing him to file Garces' brief. When respondent finally filed the brief, the brief only argued that the plea should be withdrawn; however,

terests were seriously impaired when their respective appeals were dismissed. Additionally, respondent stipulated that in one case he negligently misappropriated funds. Further, respondent stipulated that when Bar Counsel requested information about these complaints he failed to timely respond.

On October 30, 2009, the parties filed a Petition for Negotiated Discipline and supporting Affidavit with the Board on Professional Responsibility ("Board")[2] in which they stipulated to the preceding facts in four cases and agreed that respondent had committed numerous violations of the District of Columbia Rules of Professional Conduct.[3] After Bar Counsel agreed not to pursue three additional complaints,[4] the parties also agreed that a six-month suspension with a fitness requirement was an appropriate sanction. The Board referred the petition to an *Ad Hoc* Hearing Committee. A limited hearing was held on May 26, 2010, and respondent reaffirmed his admission to all of the factual allegations in the petition; acknowledged that each constituted a violation of the Rules of Professional Conduct; and stated that he understood the ramifications of the proposed sanction, and had not been

he had not filed a motion to withdraw the plea. As a result, the appeal was dismissed. Respondent failed to communicate this information to Garces.

BDN 396–07—Winters. Respondent stipulated that he had been retained to represent Winters in his post conviction and appellate matters. He received $11,500 of an agreed-to $15,000 retainer. Respondent failed to communicate with Winters and to file any pleadings and Winters eventually terminated his representation; however, respondent failed to refund any of the fee.

BDN 443–07—Lynch. Respondent stipulated that he had been retained to represent Lynch in his criminal appeal and received $1,500. Later, respondent agreed to file a federal habeas petition and received $7,500 of the agreed-to $15,000 retainer. After respondent requested and received information from Lynch to prepare the habeas petition, he failed to enter his appearance or file a pleading. He also failed to communicate with Lynch, who later retained other counsel. Thereafter, respondent failed to send Lynch a final statement of fees.

BDN 004–08—Bradley. Respondent stipulated that he had been retained to represent Bradley in his post-conviction and appellate matters and was paid $27,000. Part of the amount paid to respondent was for the preparation of transcript. Respondent deposited these funds in his operating account but the account fell below the amount deposited for the payment of transcript. At the time payment was required for the transcript, the account had sufficient funds. Respondent also stipulated that he failed to initially comply with court orders directing him to order the transcript and to file Bradley's brief. Respondent failed to file Bradley's appellate brief and the appeal was dismissed. Respondent also failed to submit documents to the trial court in connection with the motion for post-conviction relief and failed to notify either court that he had moved.

2. Bar Counsel had filed an earlier petition for negotiated discipline, No. 10–BG–862, that was rejected by this court after the Board on Professional Responsibility recommended rejecting the petition. The current petition addresses the concerns expressed by the Board.

3. For each of the four negotiated cases, these included violations of: R. 1.1(a) & (b) when respondent failed to competently represent his clients; R. 1.3(a) & (b)(1) and (2) when he failed to promptly and zealously represent his clients; R. 1.4(a) & (b) when he failed to zealously represent his clients and prejudiced his clients; R. 1.5(a) in the Bradley complaint when he negligently misappropriated client trust funds; R. 1.16(d) when he failed to protect his client's interests after representation was terminated; R. 8.1(b) when he failed to respond to Bar Counsel's request for information; R. 8.4(b) when he interfered with the administration of justice.

4. The complaints were BDN 169–09 (McConnell), BDN 286–09 (Dickerson), and BDN 340–09 (Benjamin). All of these involve similar gross negligence in retained criminal cases.

coerced, placed under duress, or promised anything that was not contained in the petition.[5] The Committee also performed an *in camera* review of Bar Counsel's files and conducted an *ex parte* discussion with Bar Counsel to confirm that there was a basis for the dismissal of certain originally charged violations. Thereafter, the Committee issued its report finding that the record supported the violations and that respondent entered into the agreement voluntarily. The Committee further found that, upon review of the entire scope of conduct leading to the various complaints, including serious lapses of duties and negligent misappropriation, a fitness requirement was necessary.[6] This report and recommendation are before the court.[7]

Having reviewed the report and recommendation in accordance with our procedures in uncontested discipline cases,[8] we accept the Hearing Committee's Report and Recommendation approving the petition for negotiated discipline. The Hearing Committee reviewed the circumstances of the disciplinary events, weighed the mitigating circumstances, and found that the negotiated discipline falls within the range of discipline imposed for similar actions. Further, both Bar Counsel and respondent have acknowledged that although restitution is not a condition of his suspension, respondent will need to address this issue if and when he seeks reinstatement as part of his effort to establish fitness to practice law.

Accordingly, it is

ORDERED that James W. Beane, Jr., is suspended from the practice of law in the District of Columbia for six months,

with reinstatement conditioned on a showing of fitness to practice law. The suspension shall be effective thirty days from the date of this opinion. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement.

*So ordered.*

---

5. Bd. Prof. Resp. R. 17.5; D.C. Bar R. XI, § 12.1(c) (2009).

6. *See In re Ryan,* 670 A.2d 375 (D.C.1996) (Multiple instances of neglect and prejudice to client's interests establish a basis for a four-

month suspension with a fitness requirement.).

